Frank M. CASTANEDA, on Behalf of Mauro GONZALEZ–GONZALEZ, Petitioner,

v.

U.S. DEPARTMENT OF JUSTICE IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 84–1090.

United States Court of Appeals, Eighth Circuit.

Submitted May 25, 1984.

Decided July 30, 1984.

**10**

Roman De La Campa, Sioux City, Iowa, for petitioner.

Richard K. Willard, Acting Asst. Atty. Gen., Thomas W. Hussey, Asst. Director, Robert Kendall, Jr., Atty., Office of Immigration Litigation, Civ. Div., Dept. of Justice, Washington, D.C., for respondent.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

Pursuant to 8 U.S.C. § 1105a(a) (1982), Frank M. Castaneda filed a petition for review of an order of an associate commissioner for the Immigration and Naturalization Service (INS) dismissing his appeal of a decision of the district director cancelling the delivery bond posted by petitioner on behalf of Mauro Gonzalez-Gonzalez, an alien. The INS contends that this Court lacks jurisdiction to review the order. We agree.

The Immigration and Nationality Act provides for judicial review in the Courts of Appeals of "all final orders of deportation ... pursuant to administrative proceedings under section 1252(b) ...." 8 U.S.C. § 1105a(a) (1982). The Supreme Court has held that § 1105a(a) "judicial review proceedings embrace only those determinations made during a proceeding conducted under [§ 1252(b)]," *Cheng Fan Kwok v. INS*, 392 U.S. 206, 216, 88 S.Ct. 1970, 1976, 20 L.Ed.2d 1037 (1968), and that "orders denying discretionary relief entered outside [§ 1262(b)] proceedings" are *not subject to* direct review in the Courts of Appeals. *Id.* at 214, 88 S.Ct. at 1975.

 Bond determination proceedings are held pursuant to 8 U.S.C. § 1252(a)

(1982). As stated by the Seventh Circuit, a "bond determination is not a final order of deportation [and] is not made during an administrative proceeding under section 1252(b) ...." *Gornicka v. INS*, 681 F.2d 501, 505 (7th Cir.1982) (footnote omitted). "Furthermore, section 1252(a) provides its own mechanism for special limited review of bond ... determinations." *Id.* (emphasis omitted). The Seventh Circuit concluded that "bond determinations made pursuant to 8 U.S.C. § 1252(a) ... are not directly appealable to Courts of Appeals under 8 U.S.C. § 1105a." *Id.* at 506. We believe that holding is equally applicable to bond breach proceedings. Cases cited by the petitioner, in fact, support our position in that the cases involve district court reviews of bond forfeiture proceedings. *See Bahramizadeh v. INS*, 717 F.2d 1170 (7th Cir. 1983) (review of district court order granting summary judgment); *International Fidelity Ins. Co. v. Crosland*, 490 F.Supp. 446 (S.D.N.Y.1980) (declaratory judgment action).

Accordingly, we find we have no jurisdiction to review the order and dismiss the petition.