15 F.3d 1085
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Neville JENNINGS, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70429.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1993.
Decided Jan. 13, 1994.
 
 Before: CHOY, TANG, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On August 18, 1988, the INS began deportation proceedings against Petitioner Neville Jennings by issuing an Order to Show Cause, which was served on Jennings on February 3, 1989. It was alleged that Jennings was deportable pursuant to 8 U.S.C. Sec. 1251(a)(11),[1] because he had been convicted of violating a state law relating to a controlled substance, possession of cocaine for sale. At that time, Jennings was informed of his right to be represented by counsel at no expense to the government, and provided with a list of free legal services available in the district.
 
 
 3
 At a hearing before the Immigration Judge (hereinafter "IJ"), Jennings appeared without counsel. After questioning Jennings, the IJ stated for the record that Jennings requested a continuance to obtain counsel, but the IJ denied the continuance. The IJ ruled that Jennings was deportable, and denied Jennings' request for waiver of deportability.
 
 
 4
 Jennings contends that the IJ's conduct in moving his hearing forward from October 26, 1989 to June 12, 1989 was unreasonable and capricious, and therefore the Board's affirmance of that decision was unlawful. Jennings asserts that he was not given reasonable notice of the hearing, resulting in prejudice. 8 U.S.C. Sec. 1252(b) provides that deportation hearings shall be in accord with regulations, and that "the alien shall be given notice, reasonable under all the circumstances, of the nature of the charges against him and of the time and place at which the proceedings will be held." Jennings claims that he was given no notice whatsoever, and was merely called into court and informed by the IJ that his hearing would go forward that day.
 
 
 5
 The record shows that on May 30, 1989, a Notice of Hearing was prepared indicating that Jennings' deportation hearing was scheduled for June 12, 1989, and that if he wished to have an attorney represent him, the attorney must be informed of that hearing date, and that he might have to proceed without an attorney if he appeared without one on that day. Jennings claims he was never served this notice.
 
 
 6
 Whether or not notice was in fact given under these circumstances is a question of fact. The BIA determined that because the record contained the hearing notice, Jennings was in fact given notice. Factual findings by the BIA are reviewed under the "substantial evidence" standard, and can only be reversed "if the BIA's conclusions are not substantially reasonable." Artiga Turcios v. INS, 829 F.2d 720, 723 (9th Cir.1987).
 
 
 7
 While Jennings indicated at the hearing that he did not plan to be in court that day or know that his hearing would be that day, there is no indication in the record that he did not in fact receive the notice. We will not overturn the BIA's finding that notice was given solely on speculation as to why Jennings did not plan to be in court that day. There was enough evidence indicating that Jennings did receive notice of the hearing such that a reasonable person could conclude that such notice was properly delivered. Therefore, the BIA did not err in finding that Jennings received notice of his hearing.
 
 
 8
 Jennings next contends that he was denied his right to counsel due to the failure of the IJ at the hearing to comply with 8 C.F.R. Sec. 242.16. 8 C.F.R. Sec. 242.16 provides that in deportation hearings:
 
 
 9
 The immigration judge shall advise the respondent of his right to representation, at no expense to the Government, by counsel of his own choice ... advise the respondent of the availability of free legal service programs qualified under Part 292a of this chapter and organizations recognized pursuant to 292.2 of this chapter, located in the district where the deportation hearing is being held; ascertain that the respondent has received a list of such programs.
 
 
 10
 Jennings claims that even though he received the list of free legal service programs when he was given the Order to Show Cause, Notice of Hearing and Warrant for Arrest of Alien on February 3, 1989, this did not comply with 8 C.F.R. Sec. 242.16, because the IJ did not ascertain at the deportation hearing whether he had been furnished with such list.
 
 
 11
 The failure of the IJ to ascertain at the hearing on the record whether Jennings was provided with the required list does not constitute reversible error. First of all, it is entirely possible that the IJ knew from the record before him that Jennings had been given such a list, and therefore did not mention it. In such a case, the IJ would have "ascertained" that Jennings had received the requisite list, even though he did not so state on the record. Furthermore, even if the failure to ascertain on the record whether the list had been given did violate the regulation, it would not be reversible error, because it would be impossible to show prejudice. "Violation of an INS regulation will only invalidate deportation proceedings where the violation prejudices the interests of the alien." Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993). Jennings does not dispute that he did in fact receive the list of free legal services. Therefore, he cannot claim that he was prejudiced by the failure of the IJ to ascertain whether he had received such a list at the hearing.
 
 
 12
 Jennings also claims he was denied the right to counsel due to the IJ's denial of Jennings' request for a continuance in order to obtain counsel. Under 8 U.S.C. Sec. 1252(b)(2), aliens have the privilege of being represented by counsel at their own expense at deportation hearings. This has also been found to be guaranteed by due process under the Fifth Amendment. Acewicz, 984 at 1062.
 
 
 13
 Jennings claims that because of his surprise at being in court for his deportation hearing, and his lack of counsel at the hearing, the IJ erred in not granting a continuance. While Jennings never actually asked for a continuance, the IJ made a specific finding for the record that he asked for and was denied a continuance.
 
 
 14
 8 C.F.R. Sec. 242.13 states, "the Immigration Judge may grant a reasonable adjournment either at his or her own instance or, for good cause shown, upon application by the respondent or the Service." The denial of a request for a continuance is reviewed for a clear abuse of discretion. Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir.1985). However, this court has held that the IJ's discretion is limited. "In particular, we have cautioned that 'a myopic insistence upon expeditiousness in the face of a justifiable request for delay' can render the alien's statutory rights merely 'an empty formality.' " Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988), quoting Ungar v. Sarafite, 376 U.S. 575, 589 (1964).
 
 
 15
 Jennings claims that the fact that he was detained in an isolated area, that he had been trying to raise bail through his foster mother, and that the hearing had been put forward unexpectedly constituted reasonable cause for a continuance. However, the IJ found that all of these factors were outweighed by the fact that Jennings' deportation hearing had begun ten months earlier, and that he had already been given a chance to obtain counsel, but had not taken any significant steps towards securing counsel. The BIA found the IJ's decision to go ahead with the hearing was not erroneous, since even though Jennings mentioned that he had spoken briefly with an attorney, he did not adequately show that an attorney had in fact expressed an interest in representing Jennings.
 
 
 16
 In this case we need not decide whether the IJ abused his discretion in refusing to grant a continuance, because Jennings has failed to show that he was prejudiced as a result of the denial of the continuance. A violation of an INS regulation does not invalidate a deportation hearing "unless the violation prejudiced the interests of the alien protected by the regulation." United States v. Cerda-Pena, 799 F.2d 1374, 1377 (9th Cir.1986).
 
 
 17
 [I]n order to prove prejudice an alien must specifically show that his or her interests protected by an INS regulation that has been violated during the alien's deportation proceedings have been prejudiced in a manner so as potentially to affect the outcome of the proceedings; a mere showing that the alien would have availed himself of the procedural protections denied him is not enough....
 
 
 18
 The Court holds that the standard [for showing prejudice] requires that an alien produce some concrete evidence indicating that the violation of a procedural protection actually had the potential for affecting the outcome of his or her deportation proceedings.
 
 
 19
 Id. at 1378-79 (emphasis added).
 
 
 20
 A waiver of deportation under 8 U.S.C. Sec. 1182(c) is discretionary, and depends upon a balancing of equities. Jennings bears the burden of demonstrating that discretion should be exercised on his behalf. In Jennings' case, this is an especially high burden. "[W]e require a showing of unusual or outstanding countervailing equities by applicants for discretionary relief who have been convicted of serious drug offenses, particularly those involving the trafficking or sale of drugs." Matter of Marin, 16 I. & N. Dec. 581, 586 n. 4 (BIA 1978). Jennings was convicted of possession of cocaine for sale, which is a serious offense involving the sale of drugs.
 
 
 21
 This circuit has held that where an alien claims denial of the right to due process, it is not enough to show that the alien would have exercised the right to obtain counsel. To show prejudice, Jennings must show a "way in which counsel might have obtained a different result by a more skillful marshalling of facts and arguments." Acewicz, 984 F.2d at 1063. Therefore, Jennings must show not only that his attorney could have done a better job presenting his case, but also that an attorney could have produced facts or testimony sufficient to show "unusual or outstanding countervailing equities" to offset Jennings' drug conviction.
 
 
 22
 The BIA looked at all the evidence that Jennings and the counsel he obtained subsequent to his deportation hearing were able to come up with. The BIA specifically noted that "the respondent does not identify any evidence which he was unable to provide as a result of having to appear on his own behalf. Nor does he identify any individuals who would have testified in his behalf had an attorney been present to represent him."
 
 
 23
 In this appeal, Jennings claims that because of the failure to continue his deportation hearing, he was prevented from presenting witnesses or documents on his behalf. Petitioner had from June 12, 1989, the date of his deportation hearing, until August 29, 1989, when his appeal was filed with the BIA, to come up with evidence to show why he was prejudiced by his alleged denial of the right to counsel. He failed to do so adequately to the satisfaction of the BIA. This indicates that he was not in fact prejudiced by the rescheduling of his hearing, as two months should constitute ample time to collect such evidence.
 
 
 24
 We do not condone the INS's action in unexpectedly moving Jennings' hearing forward by four months, nor do we condone the IJ's denial of a continuance under these circumstances. Nevertheless, we deny the petition for review on the ground that Jennings has failed to show prejudice. Because Jennings faced such a high burden in demonstrating the outstanding equities necessary to obtain a waiver of deportation, and yet did not adequately demonstrate that evidence exists that would entitle him to such a waiver, the BIA properly dismissed Jennings' appeal.
 
 
 25
 Jennings' brief includes two exhibits (the second of which appears to be a copy of the first) which were not part of the administrative record, and therefore not considered by the BIA in its decision to dismiss Jennings' appeal. This is offered apparently as evidence which Jennings was not able to present to the IJ due to the rescheduling of his deportation hearing.
 
 
 26
 Except for under one exception not applicable here, in judicial review of deportation orders, "the petition shall be determined solely upon the administrative record upon which the deportation order [was] based." 8 U.S.C. Sec. 1105a(a)(4). We have held that "we are not permitted to consider evidence that was not before the immigration judge or the Board. We are not permitted to consider evidence that is not part of the administrative record." Gomez-Vigil v. INS, 990 F.2d 1111, 1113 (9th Cir.1993).
 
 
 27
 Therefore we will not consider the two exhibits offered by Jennings, as they were not part of the administrative record. If they do constitute relevant evidence, then Jennings is free to file a motion to reopen pursuant to 8 C.F.R. Sec. 3.2.
 
 
 28
 Jennings finally asserts that he was prejudiced by the IJ's failure to comply with the mandates of federal regulations at Jennings' bond hearing. Specifically, he claims that the IJ failed to comply with 8 C.F.R. Sec. 242.2(d), which states that the IJ shall advise the respondent of the right to counsel, that respondent should be given a list of free counsel available in the district, and that the IJ shall ascertain whether respondent has received such a list.
 
 
 29
 Jennings claims he was never advised of his right to representation at the bond hearing. However, he cites nothing in the record to support his contention. The administrative record does not include a transcript of the bond hearing proceedings.
 
 
 30
 Even if Jennings could support his allegations that the regulations were violated at the bond hearing, we lack jurisdiction to review that hearing. The jurisdiction of this court is confined to "final orders of deportation ... made against aliens within the United States pursuant to administrative proceedings under [8 U.S.C. Sec.] 1252(b)...." 8 U.S.C. Sec. 1105a(a). While this circuit has never specifically held that we lack jurisdiction to review bond hearings, at least three other circuits have found that such jurisdiction is lacking. In Young v. United States Dep't of Justice, 759 F.2d 450 (5th Cir.), cert. denied, 474 U.S. 996 (1985) the Fifth Circuit held that bond determinations "are conducted pursuant to authority granted to the Attorney General under 8 U.S.C. Sec. 1252(a) and, by regulation (8 C.F.R. Sec. 242.2(b)), and such hearings are separate and distinct from proceedings to determine an alien's deportability." Id. at 457. In Young, the court held it had no jurisdiction to review the BIA's refusal to reopen bond hearings. Accord Gornicka v. INS, 681 F.2d 501, 504-06 (7th Cir.1982); Castandeda ex rel. Gonzalez-Gonzalez v. INS, 740 F.2d 9, 10 (8th Cir.1984). Because a bond hearing does not involve a "final order of deportation," we now follow the approach of the other circuits and hold that we do not have jurisdiction over the bond hearing.
 
 
 31
 Because we lack jurisdiction to review Jennings' bond hearing, we cannot address alleged violations that occurred therein.
 
 
 32
 The petition for review is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 8 U.S.C. Sec. 1251(a)(11) is now found at 8 U.S.C. 1251(a)(2)(B)(i), pursuant to the 1990 Immigration and Nationality Act