**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EMMANUEL O. NWOLISE,
Petitioner,

v.

No. 95-2519

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

EMMANUEL O. NWOLISE,
Petitioner,

v.

No. 95-2774

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petitions for Review of Orders
of the Immigration and Naturalization Service.
(A23-265-046)

Submitted: December 12, 1995

Decided: January 16, 1996

Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

No. 95-2519 affirmed and No. 95-2774 dismissed by unpublished per
curiam opinion.

_____

**COUNSEL**

Emmanuel O. Nwolise, Petitioner Pro Se. Richard Michael Evans, Robert Leigh Bombaugh, Anthony Wray Norwood, Michelle Arlene Gluck, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated appeals, Emmanuel Obiora Nwolise appeals from the Board of Immigration Appeals' ("the Board") dismissal of: (1) Nwolise's appeal of the Immigration Judge's ("IJ") order denying Nwolise's application for a waiver of deportation (Appeal No. 95-2519); and (2) Nwolise's appeal of the IJ's order denying his request for bond (Appeal No. 95-2774). In No. 95-2519, we affirm the Board's decision affirming the IJ's order finding Nwolise deportable and ineligible for waiver a waiver of deportation. In No. 95-2774, we dismiss Nwolise's appeal from the Board's decision affirming the IJ's order denying his request for bond. We further deny Nwolise's motion for reconsideration of this court's order denying his motion for a stay of deportation in Appeal No. 95-2519, and his motion for a stay of deportation in Appeal No. 95-2774.

Nwolise, a Nigerian citizen, is an alien who entered the United States as a student in 1978. In 1981, his status was adjusted to that of a lawful permanent resident. In 1985, he was convicted of one count of conspiracy to distribute and possess with the intent to distribute heroin, and one count of aiding and abetting possession with the intent to distribute heroin. He was sentenced to fifteen years imprisonment on each count, the sentences to run concurrently. He was released from prison in 1995.

2

As a result of this conviction, the Immigration and Naturalization Service ("INS") initiated deportation proceedings. Nwolise petitions this court for review of the Board's decisions affirming the IJ's order finding him deportable and ineligible for relief from deportation and the IJ's order denying his request for bond. The INS has filed a motion to dismiss the latter appeal for lack of jurisdiction. Additionally, Nwolise moves this court to reconsider its previous denial of his motion to stay deportation proceedings pending review of the petitions.

On appeal, Nwolise contends that the IJ's failure to grant him further time to obtain counsel denied him a fair hearing. While Nwolise clearly had a right to counsel of his choice at no expense to the government, see Delgado-Corea v. INS, 804 F.2d 261, 262 (4th Cir. 1986), the Board properly determined that this right was not denied in this case.

The IJ granted Nwolise two continuances in March and April 1995 and at both times informed Nwolise that if he did not secure counsel he would be required to represent himself. In May, Nwolise appeared pro se, and the IJ proceeded with the hearing.

Based on Nwolise's admission to all the charges in the Order to Show Cause ("OSC") and the IJ's review of the record of Nwolise's conviction, the IJ found Nwolise deportable and designated that he be deported to Nigeria. The IJ also noted that Nwolise was not eligible for a waiver of deportation under section 212(c) of the Immigration and Naturalization Act ("the Act"), 8 U.S.C.A.§ 1182 (West 1970 & Supp. 1995).

The decision whether to grant a continuance to obtain counsel rests within the discretion of the IJ, and his decision is reviewed under an abuse of discretion standard. See Howard v. INS , 930 F.2d 432 (5th Cir. 1991). The sequence of events described above clearly illustrates that the IJ did not abuse his discretion by refusing to continue the hearing further to permit Nwolise to obtain counsel.

Moreover, even if Nwolise had been improperly denied counsel, the error would be harmless because he cannot show that the absence of counsel prejudiced the outcome of his hearing. See Farrokhi v.

3

INS, 900 F.2d 697, 702 (4th Cir. 1990). Nwolise has not demonstrated how counsel could have affected the IJ's determination that he is ineligible for a § 212(c) waiver of deportation. Because Nwolise was convicted of an aggravated felony* and incarcerated for ten years for this criminal offense, he is statutorily barred from§ 212(c) relief.

Furthermore, the Board correctly found that Nwolise is mistaken in his belief that he was granted § 212(c) relief in 1989. In 1989, an INS "Oakdale detainer" was removed because Nwolise was not then eligible to be detained at the INS facility in Oakdale, Louisiana. Pursuant to INS procedures, aliens who were still eligible for § 212(c) relief were not detained in Oakdale. Because Nwolise had not yet served more than five years on his 1985 drug convictions, he was eligible for § 212(c) relief. However, when his deportation proceedings were initiated in 1995 with the filing of the OSC, he was no longer eligible for § 212(c) relief. Nwolise is statutorily ineligible for any form of waiver relief, and he was not prejudiced by the IJ's refusal of a further continuance.

Further, this court does not have jurisdiction to review the Board's decision to affirm the IJ's order denying Nwolise's request for bond. This court's jurisdiction to entertain direct appeals from the Board is confined to "final orders of deportation" made pursuant to administrative proceedings under § 1252(b). 8 U.S.C.A.§ 1105a(a) (§ 106(a) of the Act) (West 1970 & Supp. 1995); see Cheng Fan Kwok v. INS, 392 U.S. 206, 216 (1968). Bond determination proceedings are conducted pursuant to § 242(a) of the Act, 8 U.S.C.A.§ 1252(a) (West Supp. 1995), and are separate from final deportation orders. Young v. INS, 759 F.2d 450, 457 (5th Cir.), cert. denied, 474 U.S. 996 (1985); Castaneda ex rel. Gonzalez v. INS, 740 F.2d 9, 10 (8th Cir. 1984). A

_____

*A person who commits a drug trafficking crime as defined in 18 U.S.C.A. § 924(c) (West Supp. 1995) is an aggravated felon. 8 U.S.C.A. § 1101(a)(43) (West Supp. 1995). Under § 924(c)(2), a drug trafficking crime is any crime punishable as a felony under the Controlled Substances Act, 21 U.S.C.A. §§ 801-904 (West 1981 & Supp. 1995). Nwolise's conviction for the conspiracy and possession with intent to distribute heroin is punishable under the Controlled Substances Act. See 21 U.S.C.A. § 841 (West Supp. 1995). Thus, he is an aggravated felon for purposes of § 1101(a)(43).

bond determination is not a final order of deportation made during an administrative proceeding pursuant to § 1252(b). Gornicka v. INS, 681 F.2d 501, 505 (7th Cir. 1982). Accordingly, this court does not have jurisdiction to review Nwolise's bond determination. See Young, 759 F.2d at 457; Castaneda, 740 F.2d at 10.

We, therefore, affirm the Board's decision affirming the IJ's order finding Nwolise deportable and ineligible for waiver relief in Appeal No. 95-2519. In addition, we grant the INS's motion to dismiss Nwolise's appeal from the Board's decision affirming the IJ's order denying bond in Appeal No. 95-2774. Because Nwolise's petitions for review are meritless, we deny his motion for reconsideration of this court's order denying his motion for a stay of deportation in Appeal No. 95-2519, and his motion for a stay of deportation in Appeal No. 95-2774. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 95-2519 - AFFIRMED

No. 95-2774 - DISMISSED